**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **MAG. NO. 19-231 (RMM)** |
| **JOHNNY BEASON,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Johnny Beason is a forty-two year old male with a considerable criminal history notable for felony convictions. The defendant has been charged in a one count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). Additionally, he is currently on supervised probation (and was at the time of the charged offense) in a felony matter in D.C. Superior Court. Nevertheless, the defendant's conduct has remained undeterred as evidenced by his possession of a loaded firearm despite being barred from such possession while on court ordered supervision. For these reasons, the government submits that

the defendant should be held without bond pending trial to ensure the safety of the community.

**Procedural History and Applicable Authority**

At the initial appearance on September 17, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Beason should be detained. *See* 18 U.S.C. § 3142(e)(1).

**Nature and Circumstances of the Offenses Charged**

On September 13, 2019 at approximately 2:03 a.m., Metropolitan Police Department (MPD) Officer Martin Dominguez was canvassing the area of the 1600 block of Benning Road, NE in Washington, D.C. in reference to an assault that had been reported a short time earlier. W-1 had reported to Officer Martinez that W-1 observed a black male wearing a white shirt with long

hair and glasses assault S-1 by striking S-1 with a handgun. W-1 reported that the black male wearing a white shirt with long hair and glasses then got into a gold colored Chevy Malibu with the handgun and left the scene. S-1 was no longer on scene when W-1 reported the assault to Officer Martinez.

Minutes later, Officer Dominguez observed a gold colored Chevy Malibu matching the lookout pull into the parking lot of 1653 Benning Road, NE in Washington, D.C. Officer Dominguez followed and approached the vehicle. An individual later identified as the defendant was seated in the driver's seat of the vehicle. The defendant was the only occupant of the vehicle. The defendant has long hair, was wearing glasses, and was wearing a shirt that is white on top with yellow and blue on the bottom. Officer Dominguez asked the defendant to step out of the vehicle after which he was detained in handcuffs.

At this time, Officer Nesmith arrived to assist Officer Dominguez. Officer Nesmith looked into the driver's compartment of the vehicle using his flashlight. He observed part of the magazine of a black handgun sticking out from under a towel on top of the driver's seat. Officer Nesmith alerted Officer Dominguez, who also observed part of a magazine sticking out from under the towel. Officer Dominguez then moved the towel and observed a black handgun with extended magazine. The handgun was on the same driver's seat where the defendant had just been sitting.

The firearm was recovered and determined to be an FM HI Power 9mm semi-automatic handgun with serial number 392049. At the time it was recovered, it was loaded with twenty-six (26) rounds in an extended magazine and no rounds in the chamber.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe

that the defendant was illegally in possession of a loaded firearm. Mr. Beason should remain detained.

**Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is very strong. As set forth above, the defendant matched the lookout provided by a good samaritan eye witness in relation to a pistol whipping. The lookout included a physical description of the defendant as well as a description of the vehicle that the defendant drove away from the scene. The defendant was stopped minutes later and the firearm believed to be used during the assault was recovered from the driver's seat where the defendant was sitting. The original report and the recovery of the firearm were captured on body worn camera footage.

**The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The nature of the defendant's criminal conduct has remained undeterred as demonstrated by the defendant being involved in his fourth felony offense involving a firearm. The defendant has the following prior convictions:

- Unlawful Possession of a Firearm (Prior Conviction), Fleeing Law Enforcement Officer (Washington, D.C., 2017)
- Unlawful Possession of a Firearm, Possession of a Controlled Substance (PCP) – Misdemeanor (Washington, D.C., 2008)
- Carrying a Pistol Without a License (Washington, D.C., 2008)

The government submits that the defendant should not be released.

**Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession. Notably, as set forth above, at the time of the offense the defendant was on supervised release in a matter pending in D.C. Superior Court, which also involved a firearm. In that case, the defendant started supervision on May 17, 2018, with a completion date of May 21, 2021. Per the government's conversation with the defendant's supervising officer, an alleged violation report will be filed in the case, along with a warrant for the defendant's arrest. The government further notes that the defendant's risk levels for global re-arrest and Dangerous/violent re-arrest rate as high.

The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. Indeed, the defendant was observed using the subject firearm in a violent manner against another member of the community, which is the reason why he came to the attention of law enforcement. His specific conduct in this case, criminal history and possession of a loaded firearm while on supervised release in a similar matter overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

**Conclusion**

The Court should grant the government's motion to detain Mr. Beason pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By: ________/s/________________________
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, José German via the Electronic Case Filing (ECF) system, this 17th day of September, 2019.

________/s/________________________
LISA NICOLE WALTERS
Assistant United States Attorney